THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Adam Jackson, Appellant.
 
 
 

Appeal From Horry County
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2007-UP-103
Submitted March 1, 2007  Filed March 6, 2007

AFFIRMED

 
 
 
Chief Attorney Joseph L. Savitz, III, of Appellate Defense,  of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, Office of the Attorney General, of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Adam Jackson appeals his conviction for voluntary manslaughter.  Jackson argues the trial court erred by suppressing evidence that the victim possessed cocaine.  We affirm.[1] 
FACTS
On May 21, 2004, Jackson shot and killed Jessie Grissette.  Jackson testified that he shot in self-defense after Grissette ran up behind him, threatened to kill him, and began reaching for something in his pocket.  Jackson testified that he believed Grissette was reaching for a gun because he had previously seen Grissette with a gun, and during the altercation, Grissette told him he had a gun.   
In Grissettes wallet, the police found a small sandwich baggy containing a white powder substance.[2]  However, while the toxicology report from Grissettes autopsy was positive for marijuana and showed a blood alcohol content of more than twice the legal limit for driving while intoxicated, there was no cocaine detected.      
Prior to trial, the State moved to exclude any evidence concerning the white powder.  The trial court asked Jacksons counsel what the relevance of the white powder would be considering no cocaine was found in Grissettes system, and counsel was unable to offer any direct reasons for its relevance. After Jacksons counsel stated that Grissette had allegedly previously robbed Jacksons home to obtain money  for drugs, the trial court stated the white powder evidence would be inadmissible unless this or other evidence ties him in enough that it becomes relevant.[3]   
During the trial, a police officer testified on cross-examination regarding the white powder substance found on Grissette.  After the officers testimony had been completed and the jury was removed from the courtroom for a break, the State cited the in limine decision and moved to strike the testimony concerning the white powder substance.  The trial court granted this motion over defense counsels objection and instructed the jury accordingly.  
The jury convicted Jackson of voluntary manslaughter, and the trial court sentenced him to ten years imprisonment.  This appeal followed.   
LAW/ANALYSIS
I.  Timeliness
Jackson first asserts that the trial court erred in granting the States motion to strike the white powder evidence because it was untimely.  We disagree. 
While a motion to strike may be denied due to the absence of a contemporaneous objection, the ultimate determination lies in the discretion of the court.  Lindsey v. City of Greenville, 247 S.C. 232, 241, 146 S.E.2d 863, 868 (1966).  Counsel for the State explained no objection was made at the time of the testimony because he did not wish to draw additional attention to the improper testimony.  The trial court accepted this reasoning and specifically found the motion to strike was timely.  We find no abuse of discretion.
II.  Preservation and Res Gestae   
Jackson argues the trial court erred in suppressing evidence of the white powder substance.  We find this argument is not preserved for appellate review.
Jacksons argument on appeal is that the mere possession of cocaine alters the brain chemistry of its owner.  Regardless of the merit of this argument, it is an argument which Jackson never made to the trial court.  Arguments
not raised to or ruled upon by the trial court are not preserved for appellate review.  State v. Carlson, 363 S.C. 586, 597, 611 S.E.2d 283, 288 (Ct. App. 2005).
Lastly, Jackson argues the trial court erred in suppressing the white powder evidence because it was part of the res gestae of the incident.  Jackson never specifically mentioned res gestae to the trial court, but did note that the white powder evidence was relevant in terms of the totality of the incident.  Regardless of this potential preservation issue, we find this argument is without merit.
An accepted basis for admitting evidence of other crimes arises when such evidence furnishes part of the context of the crime or is necessary to a full presentation
of the case.  State v. Sweat, 362 S.C. 117, 132-33, 606 S.E.2d 508, 516 (Ct. App. 2004).  The
res gestae theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged, or may be needed to aid the fact finder in understanding the context in which the crime occurred.  Id. at 133, 606 S.E.2d at 517 (quoting State v. King, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999)).  
We find no error with the trial courts determination that the white powder evidence was irrelevant.  Because there is no evidence that this incident between Grissette and Jackson was in any way related to cocaine, the record supports a decision that the white powder evidence was not necessary to complete the story of the crime on trial.  
CONCLUSION
We find Jacksons issue concerning cocaine possession affecting the brain chemistry of its owner is not preserved for our review.  Regarding Jacksons other issues, we find no abuse of discretion in the trial courts suppression of evidence.  Based on the foregoing, Jacksons conviction is
 AFFIRMED.
ANDERSON, KITTREDGE, and SHORT JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Although Jackson states that victim possessed cocaine and the lawyers refer to the powder as cocaine, there is no evidence in the record that this white powder substance was analyzed and found to be cocaine.  Therefore, this court will not refer to the white powder substance as cocaine.  
[3] Neither the evidence suggested by Jackson nor any other evidence which rendered the white powder relevant was presented by Jackson.